IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JESSICA PYSZKA-PIGG,

Plaintiff,

v.

SAINT ANTHONY'S HEALTH CENTER,

Defendant.                                          No. 12-cv-1162-DRH-PMF

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

## I. Introduction and Background

Pending before the Court is defendant Saint Anthony's Health Center ("Saint Anthony's")'s motion to partially dismiss plaintiff Jessica Pyszka-Pigg's first amended complaint for failure to state a claim (Doc. 19) and memorandum in support of that motion (Doc. 20). Plaintiff opposes the motion (Doc. 22).

Plaintiff worked at Saint Anthony's as a nurse from August 2010 until her termination in December 2011. In November 2011, plaintiff needed surgery and notified Saint Anthony's that she would need leave starting November 21, 2011, and that her post-operative recovery would last six weeks. On November 17, Saint Anthony's notified plaintiff that she was eligible for FMLA, and detailed her requirements to keep her employer informed as her condition changed. On November 30, 2011, plaintiff's doctor provided plaintiff with a letter stating she could return to work December 3, 2011, with some physical restrictions.

Plaintiff alleges she provided all the necessary documentation to defendant required to process her FMLA claim. Plaintiff also contends she was told she could not return to work until she was able to work with no physical restrictions. On December 13, 2011, defendant terminated plaintiff's employment.

Plaintiff filed her first amended complaint against Saint Anthony's on January 2, 2013. She alleges wrongful termination under the Family and Medical Leave Act ("FMLA"), interference with her right to FMLA leave, and retaliatory discharge. In her complaint, plaintiff claims defendant terminated her for failing to report to work for three consecutive shifts. For the following reasons, the Court **GRANTS** defendant's motion to dismiss Count III of plaintiff's first amended complaint.

## II. Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must give the defendant fair notice of the claim and the grounds on which it is based. *Id.* However, a plaintiff is obligated to provide the grounds of his or her entitlement to relief in more detail than mere "labels and conclusions;" factual allegations must be sufficient to provide a right to relief that is not merely speculative. *Id.*

In a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, accepting as true all facts alleged if they are well-pleaded.

*Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). All possible inferences are drawn in favor of the plaintiff. *Id.* A complaint should be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Bell Atlantic*, 550 U.S. at 561.

### III.  Analysis

Plaintiff's claim against Saint Anthony's in Count III is that she was discharged in retaliation for exercising her right to FMLA leave. She further alleges that her discharge violated Illinois public policy. Plaintiff concedes that her legal theory in Count III has not been recognized in this District; however, she urges this Court to expand existing law to encompass her plea.

Defendant argues that plaintiff has not met all the elements to bring a retaliatory discharge claim under Illinois law. Therefore, defendant contends that plaintiff's claim fails as a matter of law and should be dismissed.

A plaintiff must prove three elements to prevail on a claim of retaliatory discharge: 1) establish that she has been discharged; 2) that the discharge was in retaliation for her activity; and 3) that the discharge violates a clear mandate of public policy. *Belline v. K-Mart Corp.*, 940 F.2d 184, 186 (7th Cir. 1991). Under Illinois law, public policy is "limited to those matters that 'strike at the heart of a citizen's social rights, duties and responsibilities' and do not impinge only on private interests. *O'Regan v. Arbitration Forums, Inc.*, 121 F.3d 1060, 1063 (7th Cir. 1997) (internal citations omitted).

Both parties agree that the Illinois Supreme Court has not ruled on the issue of retaliatory discharge as applied to the FMLA. In *Turner v. Mem'l Med. Ctr.*, the Illinois Supreme Court stated that the court has recognized a "limited and narrow" cause of action for retaliatory discharge. 911 N.E.2d 369, 374 (Ill. 2009). The court attempted to define the meaning of "clearly mandated public policy" in an earlier case, *Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876, 878 (Ill. 1981). It held that "a matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed." *Id.* at 878-79. The *Turner* court made clear that copious decisions of the Seventh Circuit have preserved the narrow scope of the retaliatory discharge action. *Turner*, 911 N.E.2d at 374.

Consequently, the district courts of Illinois have held that the FMLA affects only the private relationship between an employee and an employer, and therefore, does not meet the meaning of public policy. *Handel v. Belvedere USA Corp.*, 2001 WL 1286842, at *3-4 (N.D. Ill. Oct. 22, 2001). The court reasoned that the FMLA specifically prohibits retaliation and affords remedies for violations of the FMLA. *Id.* at *4. Further, the court held that, "[t]he FMLA does not involve those matters that strike at the heart of a citizen's social rights, duties, and responsibilities." *Id. See also Baumgarden v. Challenge Unlimited*, 2006 WL 334253, at *2 (S.D. Ill. Jan. 11, 2006).

Here, plaintiff argues that the Court should "modify existing law" and expand the tort of retaliatory discharge to overlap with the FMLA, in express

contradiction of the court's holding in *Handel.* 2001 WL 1286842, at *3. Plaintiff disagrees with the district court cases defendant cites, arguing that, "in every one of those case[s] the District Court has endeavored to predict how the Illinois Supreme Court would decide the issue." However, plaintiff fails to recognize that in the absence of a ruling by the Illinois Supreme Court, the district courts are obligated to predict what the state's highest court will do. S*ee Sys. Dev. Integration, LLC v. Computer Sci. Corp.*, 2012 WL 3204994, at *7 (N.D. Ill. Aug. 3, 2012). Thus, the Court finds that plaintiff's claim of retaliatory discharge under the FMLA is not cognizable under existing law. Therefore, the Court **GRANTS** defendant's motion to **PARTIALLY DISMISS** plaintiff's first amended complaint as to Count III **WITH PREJUDICE**.

## IV. Conclusion

Based on the aforementioned reasons, the Court concludes that plaintiff's claim of retaliatory discharge under the FMLA in Count III fails as a matter of law. The motion filed by Saint Anthony's to **PARTIALLY DISMISS WITH PREJUDICE** plaintiff's first amended complaint as to Count III is hereby **GRANTED.** The Clerk is instructed to enter judgment at the conclusion of the case.

**IT IS SO ORDERED.**

Signed this 19th day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.19
11:33:17 -05'00'

**Chief Judge**
**United States District Court**